AMATA, LLC.,

  *Plaintiff,*

v.

UNITED STATES OF AMERICA; UNITED
STATES CUSTOMS AND BORDER
PROTECTION; and RODNEY S. SCOTT, in
his official capacity as Commissioner of U.S.
Customs and Border Protection,

  *Defendants.*

Court No. 26-03043

## COMPLAINT

### INTRODUCTION

1. This action seeks refunds of tariffs unlawfully imposed and collected under a series of executive orders invoking the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 et seq. (the "IEEPA Duties").

2. Beginning in February 2025, the President issued multiple executive orders purporting to impose sweeping tariffs on imports from nearly every foreign country, relying on IEEPA as authority.

3. Plaintiff is an importer of record that paid IEEPA Duties on imported merchandise.

4. On February 20, 2026, the Supreme Court of the United States held that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, No. 24-1287, slip op. at 20 (U.S. Feb. 20, 2026), affirming *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

1

5.     The Supreme Court further confirmed that challenges to IEEPA-based tariffs fall within the exclusive jurisdiction of this Court, and that this Court possesses full authority to order remedial relief, including refunds of unlawfully collected duties. *Id*. at 5.

6.     Despite that definitive holding, importers that paid IEEPA Duties are not guaranteed refunds absent a judgment in their own favor.

7.     Plaintiff therefore brings this action to obtain reliquidation and liquidation of its entries calculated without IEEPA Duties, and to seek a refund of all IEEPA Duties paid, with interest as provided by law.

**PARTIES**

8.     Plaintiff Amata, LLC is incorporated in Delaware with its principal place of business in Allendale, NJ. It deals in furniture and home furnishings and is an importer of record for merchandise subject to IEEPA Duties.

9.     Defendant United States Customs and Border Protection ("CBP") is the agency charged with assessing and collecting duties on imported merchandise and collected the IEEPA Duties at issue.

10.     Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

11.     Defendant United States of America received the duty payments from the IEEPA Tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

12.     Defendants are referred to collectively in this complaint as "CBP."

**JURISDICTION & STANDING**

13.     This Court has jurisdiction over this action under 28 U.S.C. § 1581(i), which grants exclusive jurisdiction over civil actions arising out of laws providing for tariffs, duties, and their administration and enforcement.

14.     Plaintiff is not required to exhaust administrative remedies under 19 U.S.C. § 1514 because this action challenges the legality of the President's assertion of tariff authority under IEEPA, a matter outside CBP's protest jurisdiction. Jurisdiction under 28 U.S.C. § 1581(a) is therefore unavailable and inadequate, and review properly lies under § 1581(i).

15.     Plaintiff has standing to bring this action because it is an importer of record that paid the IEEPA Duties and is therefore adversely affected or aggrieved by Defendants' assessment and collection of tariffs imposed pursuant to the challenged executive orders, within the meaning of 5 U.S.C. § 702 and 28 U.S.C. § 2631(i). The imposition and collection of unlawful duties caused Plaintiff concrete and particularized economic injury, which is fairly traceable to Defendants' actions and redressable by this Court through declaratory and monetary relief.

16.     This action is timely under 28 U.S.C. § 2636(i) because it is filed within two years of (a) issuance and publication of the challenged executive orders and (b) Plaintiff's payment of IEEPA Duties.

**FACTS**

**a.  The IEEPA Tariff Orders**

17.     Beginning on February 1, 2025, the President issued multiple executive orders imposing tariffs on imports from Canada, Mexico, China, and subsequently nearly all countries worldwide.

18. These orders included, among others, executive orders addressing alleged border security concerns, opioid trafficking, trade deficits, and foreign political actions, and imposed ad valorem tariffs ranging from baseline global rates to country-specific rates exceeding 40 percent.

19. Each of these executive orders cited IEEPA, the National Emergencies Act, section 604 of the Trade Act of 1974, and 3 U.S.C. § 301 as purported authority.

20. None of those statutes authorize the imposition of tariffs.

21. In implementing these orders, Defendants directed changes to the Harmonized Tariff Schedule of the United States ("HTSUS"), requiring importers to enter merchandise under new tariff provisions reflecting the IEEPA Duties.

**b. CBP's Assessment and Collection of IEEPA Duties**

22. CBP is charged with assessing and collecting duties on imported merchandise. 19 U.S.C. §§ 1500, 1502.

23. Pursuant to the IEEPA Tariff Orders, CBP assessed and collected additional duties on Plaintiff's imported merchandise.

24. Plaintiff imported goods from various countries under specific HTSUS codes for the relevant IEEPA tariffs; Plaintiff paid IEEPA Duties on entries beginning in 2025 and continuing until the Supreme Court's decision.

25. As of the date of this filing, Plaintiff has certain entries that have already liquidated with IEEPA Duties assessed by CBP, while others remain unliquidated.

### c. Judicial Determinations Invalidating IEEPA Duties

26. On May 28, 2025, this Court held that IEEPA does not authorize the imposition of tariffs and permanently enjoined enforcement of the challenged duties. V.*O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025).

27. On August 29, 2025, the United States Court of Appeals for the Federal Circuit, sitting en banc, affirmed. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

28. On February 20, 2026, the Supreme Court affirmed the Federal Circuit, holding unequivocally that "IEEPA does not authorize the President to impose tariffs." *Learning Resources, Inc. v. Trump*, slip op. at 20.

29. The Supreme Court further confirmed that this Court has exclusive jurisdiction to grant remedial relief, including refunds of unlawfully collected IEEPA Duties.

### CLAIM FOR RELIEF

### (Ultra Vires Action Under 28 U.S.C. § 1581(i))

30. Plaintiff incorporates paragraphs 1–29 by reference.

31. The Supreme Court has held that IEEPA does not authorize the President to impose tariffs.

32. The executive orders imposing IEEPA Duties therefore exceeded statutory authority and are *ultra vires*.

33. CBP's assessment and collection of IEEPA Duties pursuant to those orders were unlawful.

34. Plaintiff is entitled to relief, including reliquidation, liquidation without IEEPA Duties, and refund of all IEEPA Duties paid, with interest with interest pursuant to 19 U.S.C. § 1505(c) and as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and order that:

A. All of Plaintiff's entries that have liquidated with assessment of IEEPA Duties be reliquidated with no assessment of IEEPA Duties;

B. All of Plaintiff's entries that remain unliquidated be liquidated with no assessment of IEEPA Duties;

C. Defendants refund to Plaintiff all IEEPA Duties paid, with interest as provided by law; and

D. The Court grant such other and further relief as it deems just and proper.

Dated: June 5, 2026

Respectfully submitted,

*/s/ Kevin E. Gaunt*
Kevin E. Gaunt
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave NW
Washington D.C. 20037
Tel. (202) 955-1500
kgaunt@hunton.com
*Counsel for Plaintiff*